IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV26-1-MU

| | |
|---|---|
| JEREMIAH ROYSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| KEITH WHITENER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed March 11, 2009.

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, pursuant to 28 U.S.C. § 1915(e), a prisoner shall not bring a civil action or appeal a judgment in a civil action without the prepayment of fees or costs if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim. The only exception to this filing prohibition is if the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff has asked to be allowed to proceed in forma pauperis in this matter. (Doc. No. 1-4). This Court takes judicial notice of the fact that Plaintiff is a prodigious litigator who has filed numerous lawsuits in the federal court system and that he has had at least three prior

prisoner civil actions in federal court that were dismissed because they were found to be frivolous or because they failed to state a claim. See Royster v. Pierce, 2:94CV5886 (E.D. Pa., Oct. 3, 1994)(dismissing Complaint as frivolous); Royster v. Sutton, 5:03HC260 (E.D.N.C. Apr. 17, 2003)(same); Royster v. Beck, 5:03CT870 (E.D.N.C. Feb. 20, 2004)(same). Indeed, Plaintiff has previously had at least one Complaint dismissed pursuant to the provisions of 28 U.S.C. § 1915(g). See Royster v. Pooley, 5:05CT43 (E.D.N.C. Jan. 2, 2007)(dismissing Complaint pursuant to § 1915(g)).

In an attempt to circumvent § 1915(g)'s application, Plaintiff repeatedly alleges that he is in imminent danger of serious physical injury. As explained further below, based upon the nature of Plaintiff's factual allegations in the present Complaint, his similar allegations against different individuals in different institutions and his diagnosed paranoid schizophrenia, this Court concludes that Plaintiff's allegation of "imminent danger of serious physical injury" is baseless and frivolous.[1]

Plaintiff alleges in his Complaint that "defendants formed a special alliance and assembled a network of white supremacist, hatemongering prison staff to implement a series of institutional tactics and strategies designed to incapacitate, neutralize and prevent plaintiff from lawfully exercising his First Amendment right to meaningful access to the courts regarding conditions of confinement." In support of his complaint. Plaintiff asserts that a female guard "began smuggling marijuana, exchanging love letters, and having sexual contact with inmates." Plaintiff further alleges that this guard used "her sexual influence to manipulate her white racist

---

[1] The Court notes that if Plaintiff did not have three strikes this Court would have dismissed his Complaint pursuant to § 1915(e)(2).

colleagues . . . to wage a persistent , relentless campaign of racial harassment, persecution, and death threats against plaintiff." Plaintiff contends that a male guard is "colluding with the other defendants to physically harm plaintiff, and that [she] has been sexually harassing plaintiff for several months." Plaintiff further alleges that this guard "in the fiery heat of sexual passion, frequently sends freakish body signals to express his desire for plaintiff to masturbate in his face and indulge in virtual sex with him." In addition, Plaintiff contends that he is in danger because two of the defendants have unleashed "a nefarious black inmate . . ., a well known HIV-infected sexual predator/lunatic, to threaten to stab and rape plaintiff for adamantly and consistently rejecting . . . his invitations to perform anal and oral sex on plaintiff." Plaintiff asserts that Defendant Whitener's "authorization of the use of the HIV-infected inmate . . . as a weapon of sexual aggression against plaintiff is tantamount to biological warfare and clearly meets the legal elements of, or criteria for , attempted murder." The Court finds these allegations to be frivolous. See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996)("extended litany of conspiratorial activity casts serious doubts on [plaintiff's] claims.").

The Court also notes that this Complaint is not the first time that Plaintiff has raised claims of sexual and racial harassment against prison personnel. See Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996)(past litigious conduct should inform a district court's discretion in a frivolity determination). In a 2005 Complaint filed in the Eastern District of North Carolina, Plaintiff alleged that his civil rights action was "based on a persistent pattern of sexual harassment, and discriminatory and retaliatory acts against plaintiff . . . ." He specifically alleged that a defendant in that case "assembled a gang of inmate spies, informants, and agent provocateurs to sow discord between plaintiff and inmate gangs members so that plaintiff can be

3

violently attacked and perhaps killed in a manner appearing to be solely a gang dispute. The aforesaid inmates frequently shower defendants . . . with ingratiating comments and sexual compliments in a clearly paternalistic, master-slave type relationship." In that same case Plaintiff also alleged that a defendant "aggressively gripped and fondled plaintiff's genitals so as to warn plaintiff that she is in control, a symbolic gesture of feminist power, influence, and domination . . . ." Plaintiff ultimately voluntarily dismissed this case less than a month after it was filed. Royster v. Brigham, 5:05CT638 (E.D.N.C. Nov. 22, 2005). In a 2004 Complaint filed with this Court, Plaintiff alleged, among other things, that defendants at Marion Correctional Institute had engaged in racial and religious discrimination. For example, Plaintiff alleged that he is "essentially being persecuted for not conforming to white supremacist ideology and the decadent corrupt, pecuniary, totalitarianistic objectives of prison administrators." Plaintiff also asserted that certain defendants subjected him to sexual abuse.

Finally, the Court takes judicial notice that another court has noted that Plaintiff is a diagnosed paranoid schizophrenic. (EDNC: 5:05ct43). The Court takes this fact into account when weighing the frivolity of Plaintiff's accusations which form the basis for his assertion that he is in imminent danger of serious harm.

In conclusion, Plaintiff has three prior "strikes" against him so that he may not proceed as a pauper unless he can establish that he is in imminent danger of serious harm. 28 U.S.C. § 1915(g). After reviewing the Complaint itself, Plaintiff's past litigation, and his mental health history, this Court concludes that Plaintiff's allegation that he is in imminent danger of serious harm is frivolous. Consequently, Plaintiff's Motion to Proceed In Forma Pauperis is denied and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Proceed <u>In Forma Pauperis</u> is **DENIED** pursuant to 28 U.S.C. 1915(g); and

2. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to pay the civil filing fee required by 28 U.S.C. § 1914(a).

Signed: April 1, 2009

Graham C. Mullen
United States District Judge